■ In the Matter of KOMANOFF CENTER FOR GERIATRIC AND REHABILITATIVE MEDICINE, Appellant, v RICHARD F. DAINES et al., Respondents. [926 NYS2d 629]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated July 22, 2008, which, after a hearing, upheld a determination of the Nassau County Department of Social Services dated January 11, 2008, that Bernadette Jordan was not eligible for Medicaid for a period of 14.31 months due to the transfer of certain assets to her daughter for less than fair market value, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Spinola, J.), entered January 15, 2010, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Bernadette Jordan has been a resident of the petitioner, Komanoff Center for Geriatric and Rehabilitative Medicine, since July 14, 2006. In June 2007, the petitioner, on behalf of Jordan, filed an application for Medicaid. In January 2008, the Nassau County Department of Social Services (hereinafter NCDSS) denied the application and imposed a 14.31-month period of ineligibility as a penalty. NCDSS determined that, prior to the filing of the application, Jordan had transferred $144,814.70 from a revocable trust to her daughter for less than fair market value.

Following a fair hearing held by the New York State Office of Temporary and Disability Assistance, the New York State Department of Health (hereinafter DOH) upheld NCDSS's denial of the application. Thereafter, the petitioner commenced this CPLR article 78 proceeding to review the DOH determination. The petitioner argued that the transfers had been made for fair market value because they were repayments for documented expenses that Jordan's daughter had made on behalf of Jordan with the expectation of repayment, and the revocable trust provided for the repayment of those expenses. The Supreme Court denied the petition and dismissed the proceeding, holding that the DOH determination had a rational basis and was not arbitrary and capricious. The petitioner appeals, and we affirm.

The Supreme Court properly held that the DOH determination had a rational basis and was not arbitrary or capricious. As no contemporaneous written agreement existed providing for the repayment of the past financial assistance to Jordan, that

financial assistance was presumably made without the expectation of repayment (*see* DOH Administrative Directive 96 ADM-8, at 11). Thus, a rational basis existed for determining that Jordan's monetary transfers to her daughter were not made for fair market value or for other valuable consideration (*see* 18 NYCRR 360-4.5 [b] [2]; 360-4.4 [c] [1]). Dillon, J.P., Covello, Chambers and Roman, JJ., concur.